IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dannie Rainey,

                          Plaintiff,

            -vs-

Erie County Department of Job and
    Family Services, et al.,

                          Defendants.

Case No. 3:08 CV 2055

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

*Pro se* Plaintiff Dannie Rainey filed this action under 42 U.S.C. § 1983 against Defendant Erie County Department of Jobs and Family Services ("DJFS"), Susan Ryan Brown, Karen Balconi Ghezzi, Vicki Palmer, Jennifer Kearns, and Ashley Leake. Plaintiff claims he was denied due process during child custody proceedings. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That application is granted.

## BACKGROUND

Plaintiff's girlfriend, Ricca Rivers, gave birth to a baby girl on October 19, 2006. While conducting routine tests on the newborn, hospital personnel detected the presence of cocaine in the baby's blood. Erie County DJFS was notified. On the day Rivers was released from the hospital, DJFS employee Jennifer Kearns notified her of the agency's intent to seek temporary custody of the baby. Although he did not reside with Rivers, Plaintiff was also prohibited from taking the baby home.

An emergency hearing was held in Juvenile Court the next day. Plaintiff informed the court of his intention as the father of the child to take custody of the baby and was told he could not exercise parental rights because paternity had not yet been established. DJFS was granted temporary custody and DNA testing was ordered. The results of this testing proved Plaintiff to be the child's biological father.

DJFS discussed with Plaintiff and Rivers the potential for a kinship placement until the pending juvenile court proceedings could be permanently resolved. Both parents were to submit a list of family members who they believed would be good foster parents. Plaintiff did not submit a list and continued to argue for custody of the child. Case worker Ashley Leake opposed the arrangement because Plaintiff's job as a truck driver required him to be out of town during the week. Patricia Howard, an individual from Rivers' list, was chosen instead. Plaintiff contends he was told if he did not agree to the kinship placement, the baby would remain in the care of a foster family whose identity would be kept from him. The baby was moved from foster care to Howard's home on December 11, 2006.

A home study was conducted in June 2007 to allow placement of the baby with Plaintiff. After a hearing, Plaintiff was granted full custody of the child. Plaintiff arranged for Howard to remain as the child's care giver while Plaintiff is out of town during the week.

Plaintiff claims Brown, Kearns, and Leake acted with malice to deny him due process. He claims DJFS "is liable for its policy" which was developed by Brown, Kearns and Leake when he was denied temporary custody after paternity had been established. He contends "all defendants deprived plaintiff of his equal protection of the laws and the right to enter private contract with Patricia Howard while forcing plaintiff to pay Patricia Howard child support which was also entirely disproportionate

2

to any of the other eight orders plaintiff was paying for his other eight children by his ex-wife" (Compl. at 4).  Plaintiff also asserts a claim for malicious prosecution against Defendants for seeking a child support order.

**DISCUSSION**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

**Procedural Due Process**

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV.  In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them."  *Daniels v. Williams*, 474 U.S. 327, 331 (1986).  It does not prohibit every deprivation by the state of a person's life, liberty, or property.  *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994).  Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983.  *Id.*

As an initial matter, it is not clear whether Plaintiff intends to assert a claim for procedural due process, substantive due process, or both.  To the extent he intends to assert a procedural due process claim, it is subject to dismissal.  Plaintiff must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that Defendants deprived him of liberty or property pursuant to a random and unauthorized act and

3

available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see also Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Plaintiff is not challenging an established state procedure, statute, or local ordinance. Instead, he is asserting he was deprived of primary custody of his child due to unauthorized acts of Defendants.

To state a procedural due process claim based on alleged unauthorized acts of Defendants, Plaintiff must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. Ohio Revised Code §§ 2151 et seq. set forth the procedures available to a parent to gain custody of a child placed into shelter care by DJFS. Plaintiff utilized that process and obtained custody of his daughter. Plaintiff has not claimed the state remedy was inadequate. Plaintiff therefore has not stated a claim for denial of procedural due process.

### Substantive Due Process

To the extent Plaintiff intended to assert a substantive due process claim, it too is subject to dismissal. Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. *Id.* at 833. The

conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

Plaintiff does not assert a deprivation of another right specified in the Constitution and does not allege conduct so severe that it shocks the conscience. Where the plaintiff does not provide facts to support either of these theories of recovery, a substantive due process claim will survive only if the state's action was not rationally related to a legitimate state interest. *See, e.g., Reno v. Flores*, 507 U.S. 292, 301-05 (1993). Shortly after the birth of Plaintiff's daughter, a routine test revealed the presence of cocaine in her blood. DJFS was alerted and determined it would not be safe for the child to be released to the care of her mother. Although Plaintiff was not residing with Rivers, he had not yet been determined to be the child's father. In addition, his job as a truck driver required him to be out of the state during the week. These concerns are certainly rationally related to the health and safety of the infant, which is a legitimate state interest. Plaintiff fails to set forth facts to assert a substantive due process claim.

**Equal Protection**

In addition, Plaintiff asserts he was denied equal protection because he was required to pay child support in an amount disproportionate to his support orders for his other eight children. In making an equal protection challenge, Plaintiff bears the initial burden of demonstrating a discrimination of some substance has occurred against him which has not occurred against other individuals who were similarly situated. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Clements v. Flashing*, 457 U.S. 957, 967 (1982). Plaintiff does not allege he has been treated differently than another similarly situated individual. He alleges that one of his children has

5

been treated differently than the others.  Claims asserted in a Section 1983 action are personal to the injured party.  *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003).  Plaintiff lacks standing to assert violations of his children's constitutional rights.  *See id.*

Even if Plaintiff could demonstrate that he received disparate treatment, his equal protection claim must still fail.  Merely treating two groups differently does not violate the Equal Protection Clause.  *Rawls v. Sundquist*, No. 96-5931, 1997 WL 211289, at \*1 (6th Cir. Apr. 28, 1997). The administration by state officers of a state statute that is neutral on its face, which results in unequal application to those entitled to be treated alike, is not a denial of equal protection unless there is shown to be intentional or purposeful discrimination for an unlawful reason.  *Snowden v. Hughes*, 321 U.S. 1, 8 (1944).  Purposeful discrimination "implies more than intent as volition or intent as awareness of consequences.  It implies that the decisionmaker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group."  *Personnel Admin. of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).  A discriminatory purpose will not be presumed.  *Tarrance v. State of Florida*, 188 U.S. 519, 520 (1903).  There is nothing in Plaintiff's Complaint which suggests Defendants purposefully discriminated against Plaintiff or any of his children because of their connection to a protected class.

**Malicious Prosecution**

Finally, Plaintiff brings a claim against DJFS for malicious prosecution in connection with the order it obtained requiring Plaintiff to pay child support.  The elements of a malicious prosecution claim are governed by Ohio law.  Plaintiff must assert malice in instituting or continuing a criminal prosecution, lack of probable cause, and termination of the action in his favor.  *Swiecicki v. Delgado*, 463 F.3d 489, 503 (6th Cir. 2006).  A child support assessment proceeding is not criminal in nature,

and therefore is not considered a prosecution.  Moreover, Plaintiff contests the amount he was required to pay.  The proceedings were clearly not terminated in his favor.  Plaintiff fails to state a claim for malicious prosecution.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and his Complaint (Doc. No. 1) is dismissed under 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                        *s/ Jack Zouhary*
                               JACK ZOUHARY
                               U. S. DISTRICT JUDGE

                               December 4, 2008